UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MERYL SQUIRES CANNON and RICHARD KIRK CANNON, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | No. 14 C 5611 |
| FOREST PRESERVE DISTRICT OF COOK COUNTY, ILLINOIS; BMO HARRIS BANK, N.A.; UNITED STATES OF AMERICA; BAYVIEW LOAN SERVICING, LLC; McGINLEY PARTNERS, LLC; ROBERT R. McGINLEY; and DOES 1 through 15, | ) ) ) ) ) ) ) ) ) | Judge Ellis |
| Defendants. | ) | |

## THE UNITED STATES' MOTION TO DISMISS

The United States of America, by its attorney, Zachary T. Fardon, United States Attorney for the Northern District of Illinois, moves to dismiss plaintiffs Meryl and Richard Cannon's complaint pursuant to Rules 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim, and states as follows in support:

1. Following their voluntary dismissal of *Cannon, et al. v. Forest Preserve Dist. of Cook County, Ill.*, No. 13 C 6589 (N.D. Ill.), plaintiffs filed this new action. The current complaint, which is virtually identical to the original, accuses the United States and the other defendants in this case with fraud in connection with the sale of the loan on property owned by Royalty Properties, LLC, and Cannon Squires Properties, LLC, limited liability companies that plaintiffs control and that purchased the property in question.

2.      This complaint must be dismissed as to the United States for lack of subject matter jurisdiction[1] and because it does not state a claim for which relief can be granted.  The only basis plaintiffs allege for subject matter jurisdiction over the United States is the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and §§ 2671-2680  ("FTCA"), and the FTCA does not permit an action against the United States "arising out of" fraud (*i.e.*, misrepresentation, deceit, or interference with contract rights).  28 U.S.C. § 2680(h); *see, e.g., Paul v. United States*, 929 F.2d 1202, 1204 (7th Cir. 1991).

WHEREFORE, the United States requests that the court dismiss this action against it.

Respectfully submitted,

ZACHARY T. FARDON
United States Attorney

By: s/ Donald R. Lorenzen
      DONALD R. LORENZEN
      Assistant United States Attorney
      219 South Dearborn Street
      Chicago, Illinois 60604
      (312) 353-5330
      donald.lorenzen@usdoj.gov

Dated:  August 26, 2014

---

[1]  The Seventh Circuit does not recognize FTCA exceptions as being *jurisdictional*.  *E.g., Collins v. United States*, 654 F.3d 833, 837-838 (7th Cir. 2009).  The United States does not concede the characterization of those defenses as mere limits on the United States' waiver of sovereign immunity, and the Supreme Court may answer this question definitively in two pending cases.  *United States v. Wong*, No. 13-1074, 134 S.Ct. 2873 (2014), and *United States v. June*, No. 13-1075, 134 S.Ct. 2873 (2014).  In *this* case, however, it does not matter whether the FTCA defenses limit this court's jurisdiction or instead require dismissal solely for failure to state a claim.  The result is the same.