UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MERYL SQUIRES CANNON and RICHARD KIRK CANNON, <br><br> Plaintiffs, <br><br> v. <br><br> FOREST PRESERVE DISTRICT OF COOK COUNTY, ILLINOIS; BMO HARRIS BANK, N.A.; UNITED STATES OF AMERICA; BAYVIEW LOAN SERVICING, LLC; McGINLEY PARTNERS, LLC; ROBERT R. McGINLEY; and DOES 1 through 15, <br><br> Defendants. | No. 14 C 5611 <br><br> Judge Ellis |

## THE UNITED STATES' REPLY IN SUPPORT OF ITS MOTION TO DISMISS

### Introduction

Plaintiffs' response brief makes no argument to save their fraud claim against the United States (count II) from dismissal for failure to state a claim under Rule 12(b)(6). As explained in the United States' motion to dismiss, Section § 2680(h) of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, withdraws the act's waiver of sovereign immunity for claims "*arising out of* . . . misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h)(emphasis added). Plaintiffs' response brief chides the United States for also raising this

argument as the basis for a Rule 12(b)(1) motion to dismiss for lack of jurisdiction,[1] but plaintiffs completely ignore that § 2680(h) also justifies the United States' Rule 12(b)(6) motion on failure to state a claim grounds. For purposes of this motion, the distinction is irrelevant.

Instead, in an attempt to preserve their tenuous claim to federal jurisdiction by suing the United States, plaintiffs' response brief focuses on their claim that unnamed FDIC employees engaged in unspecified acts to "encourage" the Forest Preserve District of Cook County (the "Forest Preserve") to violate the Illinois Open Meetings Act, 520 ILCS § 120/3, so that it could surreptitiously acquire the loan documents and then foreclose on the mortgage to acquire the property. This, they say, amounted to engaging in civil conspiracy. That claim must also be dismissed, regardless of whether plaintiffs allege that the United States conspired to cause the Forest Preserve to violate the Illinois Open Meetings Act or to exceed its statutory powers.

The arguments to dismiss the conspiracy claim made by the other defendants apply with equal or greater force to the United States and are adopted. The United States will not burden the court by repeating those arguments here, except to point out that with no allegations of specific conduct by specific federal employees, the inference that FDIC employees knew of the requirements of the Illinois Open Meetings Act or limits to the Forest Preserve District's statutory powers, much less *conspired* to violate the statutes at issue, is implausible and cannot stand under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[1] The United States cited Seventh Circuit authority contrary to the United States' argument, and made it clear that the United States made its Rule 12(b)(1) motion in order to preserve this argument for appeal, particularly in light of the two cases before the Supreme Court that will likely settle the issue of whether Section 2680(h) defenses are jurisdictional.

misconduct alleged.") That said, the United States focuses on the argument in its motion to dismiss: the plaintiffs' conspiracy allegations "arise out of" fraud, and are therefore barred by the Federal Tort Claims Act's fraud exception. 28 U.S.C. § 2680(h).

## Argument

Count I of plaintiffs' complaint alleges that the United States (with the other defendants) participated in a conspiracy (through unspecified acts by unnamed FDIC employees) to hide (by encouraging the Forest Preserve to commit an Illinois Open Meetings Act violation) the fact that the Forest Preserve acted beyond its statutory power to acquire the note and eventually the title to the subject property. Under plaintiffs' theory, the alleged Open Meetings Act violation was a necessary part of defendants' scheme because it deprived them of the opportunity to object to the Forest Preserve's allegedly illegal acquisition of the loan documents for the property. This is a single conspiracy, not two, one to commit an Open Meeting Act violation and another to encourage the FDIC to commit *ultra vires* acts. Under plaintiffs' theory, there would be no purpose to the Open Meetings Act violation if it were not linked to hiding the alleged *ultra vires* acquisition of the loan documents. And this claim, even if it was not subject to dismissal for all the reasons pointed out by the other defendants, still amounts to and, in the words of the FTCA, "arises out of" a claim of fraud against the United States. This claim is barred by the doctrine of sovereign immunity pursuant to the fraud exception in Section 2680(h) of the Federal Tort Claims Act.

**Conclusion**

For the foregoing reasons, the court should grant the United States' motion, and dismiss this case with prejudice.

        Respectfully submitted,

        ZACHARY T. FARDON
        United States Attorney

        By: s/ Donald R. Lorenzen
            DONALD R. LORENZEN
            Assistant United States Attorney
            219 South Dearborn Street
            Chicago, Illinois 60604
            (312) 353-5330
            donald.lorenzen@usdoj.gov

Dated: November 21, 2014