UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MERYL SQUIRES CANNON, and<br>RICHARD KIRK CANNON, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | No. 14 C 5611 |
| v. | )<br>) | Judge Sara L. Ellis |
| FOREST PRESERVE DISTRICT OF COOK<br>COUNTY, ILLINOIS; BMO HARRIS BANK,<br>N.A.; UNITED STATES OF AMERICA;<br>BAYVIEW LOAN SERVICING, LLC;<br>McGINLEY PARTNERS, LLC; ROBERT R.<br>McGINLEY; and DOES 1 through 15; | )<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

## OPINION AND ORDER

In their continuing attempt to find a way to contest the foreclosure of their property, Plaintiffs Meryl Squires Cannon and Richard Kirk Cannon (collectively, the "Cannons") have filed another suit in this Court against Defendants Forest Preserve District of Cook County, Illinois (the "FPD"); BMO Harris Bank, N.A. ("BMO"); the United States of America; Bayview Loan Servicing, LLC ("Bayview"); McGinley Partners, LLC and Robert R. McGinley (collectively, the "McGinley Defendants"); and unnamed defendants (Does 1–15). The Court dismissed the Cannons' prior complaint against the FPD, BMO, Bayview, and the Federal Deposit Insurance Corporation (the "FDIC"), for lack of jurisdiction, finding that the United States, and not the FDIC, was the proper Defendant, and that federal jurisdiction was lacking without the United States as a named party. *Cannon v. Forest Preserve Dist. of Cook County*, No. 13 C 6589, 2014 WL 1758475 (N.D. Ill. May 2, 2014). The Cannons then voluntarily dismissed that suit without prejudice and filed the present lawsuit. In this case, the Cannons

allege that Defendants committed fraud by preventing the Cannons from learning that the FPD was purchasing their mortgage. The Cannons also allege that Defendants conspired to violate the Cook County Forest Preserve District Act (the "Forest Preserve Act"), 70 Ill. Comp. Stat. 810/0.01 *et seq.*, and the Open Meetings Act, 5 Ill. Comp. Stat. 120/1 *et seq.* All Defendants have filed motions to dismiss [10, 12, 17]. Because the United States may not be sued for claims arising from fraud, the Cannons' fraud claims and conspiracy claim, to the extent it relies on fraud allegations, are dismissed. The Cannons have also failed to adequately plead their remaining fraud and conspiracy claims, leaving them yet again without a viable claim on which to proceed.

## BACKGROUND[1]

In December 2006, the Cannons, through two wholly-owned limited liability companies (the "LLCs"), purchased a farm in Barrington, Illinois. To finance the purchase, the LLCs executed a $14,500,000 mortgage loan agreement with Amcore Bank, N.A. ("Amcore"), which the Cannons personally guaranteed. After the loan matured and the Cannons did not refinance or pay it off, Amcore instituted foreclosure proceedings. Amcore failed in 2009, however, and its assets were taken over by the FDIC as receiver. The FDIC entered into an agreement with BMO, through which BMO acquired the mortgage and substituted in as the plaintiff in the foreclosure action.

---

[1] The facts in the background section are taken from the Cannons' complaint and the exhibits attached thereto and are presumed true for the purpose of resolving the pending motions to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007). The Court has also considered documents attached by Defendants that are referenced in the complaint and central to the Cannons' claim. *Hecker v. Deere & Co.*, 556 F.3d 575, 582–83 (7th Cir. 2009). This section additionally includes other facts submitted by the Cannons in their response to the motions to dismiss to the extent they are consistent with the allegations of the complaint. *Help at Home, Inc. v. Med. Capital, LLC*, 260 F.3d 748, 752–53 (7th Cir. 2001). Finally, the Court has taken judicial notice of matters of public record. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080–81 (7th Cir. 1997).

Behind closed doors, BMO, Bayview, the FDIC, and Does 1–15 entered into an agreement with the FPD for the FPD to pay $14,000,000 for the mortgage with taxpayer funds. Because of the real estate market's collapse, however, the farm's value had fallen to $7,000,000. Defendants refused to disclose to the Cannons that the FPD was the purchaser of the mortgage, despite the FPD's active steps to evaluate the property and negotiate with BMO for the purchase of the mortgage. At one point in February 2013, FPD representatives even represented that a limited liability company to be formed under the name of "Horizon Farms Loan Acquisition LLC" was acquiring the mortgage and would forego seeking a deficiency judgment against the Cannons if the Cannons would waive their ownership claims to the property and assign title to the individual operating behind the limited liability company. The Cannons rejected that offer, however. Thereafter, BMO sought court approval for the unnamed purchaser to inspect the property without disclosing the purchaser's identity. McGinley, acting on behalf of the FPD, also represented to the Cannons on or about March 11, 2013 that an individual neighbor was interested in acquiring part or all of the property if the Cannons would assign title to the undisclosed neighbor. McGinley's actions caused the Cannons to ask him to obtain further detailed proposals from the undisclosed neighbor. McGinley acted in exchange for certain recognition, compensation and consideration from the FPD, such as the use of the property for fox hunting and equine purposes.

On June 27, 2013, the FPD executed and closed an assignment and assumption agreement with BMO, pursuant to which the FPD acquired the mortgage on the property. The agreement was entered into with the FDIC's and Bayview's assistance and approval. The FPD was thereafter substituted as the plaintiff in the foreclosure action. The FPD obtained a judgment of foreclosure and sale on August 30, 2013. On that same day, the Cannons, along with Todd

Baker, filed a state court action against the FPD, the FPD Board, and BMO (the "*Baker* action"). In the *Baker* action, the Cannons and Baker asserted that the FPD violated the Forest Preserve and Open Meetings Acts. They sought to prevent foreclosure of the farm and to have the assignment and assumption agreement between the FPD and BMO rescinded. The trial court ruled against the Cannons and Baker. The Cannons and Baker have appealed the ruling on the Forest Preserve Act claims.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). This "ordinarily requires describing the 'who, what, when, where, and how' of the fraud, although the exact level of particularity that is required will necessarily differ based on the facts of the case." *AnchorBank*, 649 F.3d at 615 (citation omitted). Rule 9(b) applies to "all averments of fraud, not claims of fraud." *Borsellino v.*

*Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007). "A claim that 'sounds in fraud'—in other words, one that is premised upon a course of fraudulent conduct—can implicate Rule 9(b)'s heightened pleading requirements." *Id.*

**ANALYSIS**

**I.     Fraud Claims (Counts II and III)**

    **A.     Against the United States**

Although the Federal Tort Claims Act ("FTCA") waives sovereign immunity for certain torts, 28 U.S.C. § 1346(b)(1); *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994), it does not allow actions against the United States for claims "arising out of . . . misrepresentation, deceit, or interference with contract rights," 28 U.S.C. § 2680(h). Thus, the Cannons cannot proceed against the United States on their fraud claim. *See Paul v. United States*, 929 F.2d 1202, 1204 (7th Cir. 1991) (explaining that "[d]eceit is intentional manipulation through lies or material omissions when there is a duty to speak; misrepresentation covers negligent misstatements"); *Mendrala v. Crown Mortg. Co.*, No. 88 C 7386, 1990 WL 129602, at *2 (N.D. Ill. Aug. 28, 1990) (FTCA does not waive sovereign immunity for "claims that have deceit or misrepresentation as one of their elements").

Indeed, the Cannons do not present any real opposition to the dismissal of their fraud claim against the United States, only pointing out that the Seventh Circuit has held that § 2680(h) does not withdraw subject matter jurisdiction from the Court. Although the United States brought its motion under both Rule 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim, it admits that Seventh Circuit precedent requires dismissal to be on the merits and not for lack of subject matter jurisdiction. *See Williams v. Fleming*, 597 F.3d 820, 824 (7th Cir. 2010); *Collins v. United States*, 564 F.3d 833, 837–38 (7th

5

Cir. 2009).[2] Thus, the Court clarifies that dismissal of the fraud claim against the United States is on the merits, and not for lack of jurisdiction. *Williams*, 597 F.3d at 824.

> B.     **Against the Remaining Defendants**

To state a claim for fraud, the Cannons must allege that (1) Defendants made a false statement or omission of material fact, (2) Defendants knew of or believed in its falsity, (3) Defendants intended to induce the Cannons to act, (4) the Cannons acted in reliance on the truth of Defendants' statements, and (5) damages resulted from the Cannons' reliance. *Weidner v. Karlin*, 932 N.E.2d 602, 605, 402 Ill. App. 3d 1084, 342 Ill. Dec. 475 (2010). Additionally, for a claim of fraudulent concealment, the Cannons must allege that Defendants had a duty to disclose the omitted fact to them. *Id.*; *see also Cohen v. Am. Sec. Ins. Co.*, 735 F.3d 601, 613 (7th Cir. 2013).

The Cannons allege that Defendants affirmatively misrepresented that a private individual, operating under the name of "Horizon Farms Loan Acquisition LLC," had acquired the right to purchase the mortgage and would forego seeking any deficiency judgment if the Cannons would waive their ownership claims to the property. The Cannons further allege that Defendants failed to disclose that the private individual was actually the FPD, and that when the Cannons rejected the private individual's offer, the Defendants continued to seek access to the property without disclosing the FPD's identity or the fact that the FPD intended to use public funds to purchase the mortgage. The Cannons contend that these misrepresentations and omissions kept them from gaining knowledge of the FPD's plans and from fully participating in what should have been an open governmental process. They claim to have been damaged in that

---

[2] The United States contends it raised the argument under Rule 12(b)(1) so as to preserve the issue for appeal, noting that the Supreme Court has before it two pending cases in which it may address whether the exceptions are jurisdictional. *See* Doc. 12 at 2 n.1 (citing *United States v. Wong*, No. 13-1074, and *United States v. June*, No. 13-1075). Because the Court is bound by Seventh Circuit precedent and the Supreme Court has not yet ruled otherwise, the Court will not address the issue further.

they were displaced from their property, alienated from ownership of the mortgage, and placed in a worse negotiating position.

But these allegations are not sufficient to state a claim for fraud, as they do not sufficiently allege reliance, a duty to disclose, or damages. The Cannons complain of transactions they did not consummate or with which they were not even involved. The fact that they refused to enter into a transaction with the alleged private individual, who turned out to be the FPD, cannot form the basis of a fraud claim. Without entering the transaction, they cannot claim that they relied on the misrepresentation or omission to their detriment. *See Reid v. Harvey Motorcycle & Camper*, No. 05 C 5375, 2007 WL 4277435, at *6 (N.D. Ill. Nov. 30, 2007) ("Reid must demonstrate that he entered into a transaction in reliance on Watson's fraudulent statements and suffered damages as a result of his reliance. Since Reid did not enter into a transaction with Watson in reliance on Watson's fraudulent statements, and cannot demonstrate any damages suffered individually by him alone, his claim once again fails at the fourth and fifth requirements, and the claim must be dismissed.").

The Cannons alternatively allege that the concealment of the FPD as the potential purchaser of the note constituted fraud because it kept the Cannons from further investigating the FPD's purchase of the mortgage from BMO and preventing the use of public funds for the purchase. But these allegations approach the frivolous. BMO was free to sell the note to anyone and the Cannons have not alleged that—nor can the Court conceive of any situation in which—any of the Defendants had an obligation to disclose the identity of the potential purchaser to the Cannons. Although the Cannons allege that the failure to disclose the FPD's identity violated the Open Meetings Act, that Act contains exceptions for contemplated acquisitions of property and for pending and potential litigation. 5 Ill. Comp. Stat. 120/2(c)(5), (11). Thus, to the extent the

Cannons argue that the Open Meetings Act imposed a duty to disclose the FPD's interest in buying the mortgage to the Cannons directly,[3] the exceptions to the Act foreclosed any such duty on the FPD's part. *Id.* Without a duty to disclose, the Cannons' fraudulent concealment claims fail.

Additionally, the Cannons have not adequately alleged how they were damaged by the alleged fraud. The Cannons claim as damages alienation of ownership of their mortgage documents, displacement from their property, and damage to their negotiating position in the foreclosure litigation. But none of these alleged damages arise from the fact that the Cannons were not told at an earlier time that the FPD was purchasing the mortgage. Rather, they arise from the Cannons' own actions in failing to pay their mortgage, as pleaded in their own complaint and set forth in the exhibits available for the Court's consideration. Because any claimed damages related to the FPD's purchase were of the Cannons' own making, they cannot claim they were harmed because they relied on Defendants' failure to identify the FPD as the purchaser of the mortgage. *See Cohen*, 735 F.3d at 614 (finding no damages in fraud claim where defendant was authorized to impose charges and plaintiff was required to pay them).

Although the Court has already determined that the fraud claims fail, because the Cannons will be given leave to amend, the Court will generally address Defendants' arguments that the Cannons have not pleaded their claims with particularity. Pursuant to Rule 9(b), the Cannons must "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). This "ordinarily requires describing the 'who, what, when, where, and how' of the fraud, although the exact level of particularity that is required will necessarily differ based on the facts of the case." *AnchorBank*, 649 F.3d at 615 (citation omitted). Initially, the complaint does not

---

[3] Defendants argue that the Open Meetings Act only requires public meetings, not disclosure to the Cannons directly.

8

specify who made the alleged representations, although the Cannons contend this was omitted to protect the identity of the FPD's counsel. Some of the Cannons' fraud allegations are premised "on information and belief." *See* Compl. ¶¶ 52, 64. "[A] plaintiff generally cannot satisfy the particularity requirement of Rule 9(b) with a complaint that is filed on information and belief." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 442 (7th Cir. 2011). But the Cannons argue that they fit into an exception, as the facts constituting the fraud are not accessible to them. *Id.* at 443 ("The general rule that fraud cannot be pled based on information and belief is not ironclad, however: that practice is permissible, so long as (1) the facts constituting the fraud are not accessible to the plaintiff and (2) the plaintiff provides 'the grounds for his suspicions.'" (quoting *Uni*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 924 (7th Cir. 1992))). Here, however, the Cannons do not set forth the grounds for their suspicions as to why, for example, the Defendants knew that McGinley was acting on behalf of the FPD or how each of the named Defendants participated in the fraud, instead lumping them all together. This practice of lumping the Defendants together is not permissible, as the fraud claim must detail each Defendant's role in the alleged fraud. *See Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 778 (7th Cir. 1994) ("[I]n a case involving multiple defendants, the complaint should inform each defendant of the nature of his alleged participation in the fraud." (internal quotation marks omitted) (citation omitted)). Thus, if the Cannons decide to replead their fraud claims, they must provide additional specific allegations with respect to each Defendant.[4]

---

[4] In their opposition to the motion to dismiss filed by the FPD, Harris, and Bayview, the Cannons suggest that some of the Defendants could be liable on a theory of aiding and abetting fraud. *See* Doc. 28 at 13 n.29. But at this stage, the Cannons have not successfully pleaded an underlying fraud claim and it is unclear from the complaint which, if any, Defendants the Cannons are suggesting aided and abetted other Defendants in committing the alleged fraud. If they seek to pursue an aiding and abetting claim, they should more clearly delineate in their amended complaint who the alleged perpetrator of the fraud was and which parties participated in the fraud by aiding and abetting it.

9

## II. Conspiracy Claim (Count I)

### A. Conspiracy to Commit Fraud

Defendants argue that because the fraud claims fail, the conspiracy claim should also be dismissed for lack of any underlying wrongful conduct. *See Indeck N. Am. Power Fund, L.P. v. Norweb PLC*, 735 N.E.2d 649, 662, 316 Ill. App. 3d 416, 249 Ill. Dec. 45 (2000) (because "conspiracy is not an independent tort . . . . [w]here, as here, a plaintiff fails to state an independent cause of action underlying its conspiracy allegations, the claim for a conspiracy also fails"); *Sequoia Fin. Solutions, Inc. v. City of Chicago*, No. 14 C 3065, 2014 WL 6910494, at *5 (N.D. Ill. Dec. 9, 2014) (dismissing state law conspiracy claim for lack of underlying state law cause of action). The United States also argues that because the FTCA prohibits suits against the United States for claims arising out of fraud, the Cannons cannot avoid that bar by pursuing a conspiracy claim. *See Deloria v. Veterans Admin.*, 927 F.2d 1009, 1012 (7th Cir. 1991) ("The gravamen of Deloria's claim is that VA officials deliberately misrepresented and distorted his medical records, resulting in the denial of disability benefits. Deloria cannot sidestep the statutory limits of the FTCA by artfully couching his complaint in different jargon and pleading that VA officials conspired to deprive him of his benefits through alteration of his records.").

The Cannons do not challenge Defendants' arguments on these points, essentially conceding that if their fraud claims fail, any conspiracy claims dependent on the fraud claims also fail. Thus, to the extent that the Cannons are pursuing a conspiracy claim with respect to the dismissed fraud claims, that conspiracy claim is also dismissed. Similarly, the Cannons cannot pursue any claim against the United States that arises out of allegations of deceit or misrepresentation, regardless of how that claim is framed. 28 U.S.C. § 2680(h); *Deloria*, 927 F.2d at 1012; *Mendrala*, 1990 WL 129602, at *3 ("The very spirit and intent of these exceptive

provisions of the Act are violated if the maintenance of an action is in any degree whatsoever dependent upon the assertion of fraud." (quoting *Kildruff v. United States*, 248 F. Supp. 310, 313–14 (E.D. Va. 1961))). Because the Cannons insist that they are pursuing a separate conspiracy claim based on other wrongful conduct, however, the Court must consider whether they have stated a viable conspiracy claim.[5]

### B. Conspiracy to Violate the Forest Preserve and Open Meetings Acts

The Cannons insist that their conspiracy claim does not depend on their fraud claim. Rather, they maintain that their conspiracy claim alleges that Defendants conspired to allow the FPD to violate the Forest Preserve and Open Meetings Acts. To state a civil conspiracy under Illinois law, the Cannons must allege "(1) an agreement between two or more persons for the purpose of accomplishing either an unlawful purpose or a lawful purpose by unlawful means; and (2) at least one tortious act by one of the co-conspirators in furtherance of the agreement that caused injury to the plaintiff." *Borsellino*, 477 F.3d at 509.

Initially, the Court questions whether the Cannons may proceed on their civil conspiracy claim without an independent claim for violation of the Forest Preserve or Open Meetings Acts. *See Indeck*, 735 N.E.2d at 662 (civil conspiracy not an independent tort); *Coexist Found., Inc. v. Fehrenbacher*, No. 11 cv 6279, 2014 WL 1287880, at *4 (N.D. Ill. Mar. 28, 2014) ("Conspiracy is not an independent tort; therefore, where a plaintiff fails to state an independent cause of action underlying the conspiracy allegations, the claim for conspiracy also fails."). The Cannons

---

[5] If the only conspiracy claim arose from fraud, then the United States would be dismissed with prejudice from both claims the Cannons had asserted against it. At that point, the Court would have dismissed all claims over which it had original jurisdiction with prejudice, giving it discretion to decline to exercise supplemental jurisdiction over the claims against the remaining Defendants. *See* 28 U.S.C. § 1367(c); *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) ("[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial.").

11

already brought such claims against certain Defendants—the FPD and BMO—in state court and have not reasserted them as independent claims here.[6] Additionally, there is an open question as to whether the Cannons can use a conspiracy claim to recover for a violation of the Forest Preserve or Open Meetings Acts where those statutes do not give the Cannons a private right to damages for their violation. *See CSY Liquidating Corp. v. Harris Trust & Sav.*, 162 F.3d 929, 931 (7th Cir. 1998) (suggesting but not deciding that conspiracy claim based on violation of statute with no private right to damages would not be proper as it could "interfere with a carefully calibrated system of remedies or upset a legislative compromise"); *cf.* 735 Ill. Comp. Stat. 5/11-301 (providing taxpayer standing to enjoin the disbursement of public funds); 5 Ill. Comp. Stat. 120/3(c) (providing remedies for Open Meetings Act violations, excluding compensatory damages); *Parker v. Nichting*, 966 N.E.2d 63, 68, 2012 IL App (3d) 100206, 358 Ill. Dec. 878 (2012) (Open Meetings Act does not allow for award of compensatory damages).

Like in *CSY*, however, the Court need not decide the issue, because the Cannons have not alleged how violation of the Forest Preserve or Open Meetings Acts is tortious or what actions were taken to violate those Acts that were tortious and caused them injury. *Adcock v. Brakegate, Ltd.*, 645 N.E.2d 888, 894, 164 Ill. 2d 54, 206 Ill. Dec. 636 (1994) ("A cause of action for civil conspiracy exists only if one of the parties to an agreement commits some act in furtherance of the agreement, which is itself a tort."). The Cannons may believe that the FPD committed a statutory violation, but these alleged statutory violations, without accompanying tortious conduct, do not automatically give rise to a civil conspiracy claim. *Cf. Scott v. Aldi, Inc.*, 703 N.E.2d 526, 529–30, 301 Ill. App. 3d 459, 234 Ill. Dec. 665 (1998) (allowing conspiracy claim

---

[6] Any claim based on a violation of the Open Meetings Act would be barred, as the Cannons have already litigated that claim in the *Baker* action against the FPD and BMO, that claim was dismissed, and the dismissal was not appealed. *See* Doc. 32 at 1 and Exs. 1–3. The Cannons also raised their Forest Preserve Act claims in the *Baker* action and as an affirmative defense in the foreclosure proceeding. Although the trial court ruled against them in the *Baker* action, that decision is currently on appeal.

12

to go forward where plaintiff claimed violations of statutes "designed to protect human life or property," which were "*prima facie* evidence of negligence"). To the extent the Cannons were relying on the fraud claims to establish the tortious action, as currently pleaded, those claims are not viable. Despite attempting to couch the claim in conspiracy terminology, when stripped of that conclusory language, the Cannons merely allege a statutory violation. This is the same statutory violation they have been asserting as a defense to the state foreclosure action and in their separate state court action against the FPD and BMO. Without any plausible allegations of tortious conduct, the Cannons' conspiracy claim fails.[7]

## CONCLUSION

For the foregoing reasons, the Defendants' motions to dismiss [10, 12, 17] are granted. The fraud claim and any conspiracy claim arising from fraud against the United States are dismissed with prejudice. The fraud claims against the remaining Defendants are dismissed without prejudice. The conspiracy claim is dismissed without prejudice.

Dated: February 26, 2015

                                                    SARA L. ELLIS
                                                    United States District Judge

---

[7] Because the Court concludes that all of the Cannons' claims must be dismissed, the Court need not address the alternative argument that this lawsuit should be stayed pursuant to the *Colorado River* doctrine.