UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MERYL SQUIRES CANNON and RICHARD KIRK CANNON, ROYAL PROPERTIES, LLC, and CANNON SQUIRES PROPERTIES, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> FOREST PRESERVE DISTRICT OF COOK COUNTY, ILLINOIS; BMO HARRIS BANK, N.A.; UNITED STATES OF AMERICA; BAYVIEW LOAN SERVICING, LLC; McGINLEY PARTNERS, LLC; ROBERT R. McGINLEY; and DOES 1 through 15, <br><br> Defendants. | No. 14 C 5611 <br><br> Judge Ellis |

**THE UNITED STATES' REPLY MEMORANDUM IN SUPPORT OF
ITS MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

### Introduction

Plaintiffs name the United States as a defendant only in the third count of their second amended complaint. That count claims that the Federal Deposit Insurance Corporation conspired to, and aided and abetted, a taking of plaintiffs' property rights "by foreclosure" in violation of the United States Constitution. 2d Am. Compl. at p. 11; Br. at16 (making clear that this action is for "a federal Takings Clause violation"). The court should dismiss this claim against the United States for the three distinct reasons that the United States raised in its motion: (1) the Federal Tort Claims Act (28 U.S.C. §§ 1346, 2671-2680 ("FTCA")) did not waive the United States' sovereign immunity and provide jurisdiction for constitutional torts such as the one that plaintiffs

allege the United States committed; (2) even if the United States had waived its sovereign immunity for constitutional torts, no taking exists when a governmental entity uses foreclosure proceedings to acquire property; and (3) plaintiffs' claim that the United States conspired to, and aided and abetted an unconstitutional taking "by foreclosure" is supported only by conclusory allegations that are insufficient under the pleading standards of *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Because the United States' co-defendants in this case correctly and ably explained why no taking exists when a governmental entity acquires property through foreclosure proceedings, the United States will not burden the court with more discussion on that point in this reply brief. Rather, this reply focuses on the first and third reasons the court should dismiss plaintiffs' complaint against the United States.

I. **No Waiver of Sovereign Immunity; No Jurisdiction**

The FTCA does not provide the waiver of sovereign immunity that is necessary for there to be jurisdiction over the United States for the plaintiffs' claim. The plaintiffs point to the FTCA as the sole basis for jurisdiction over their claim against the United States. The FTCA waives the United States' sovereign immunity and provides jurisdiction for claims against it only in the limited "circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). As the Seventh Circuit succinctly explained, however, "because the 'law of the place' refers to state law, and state law cannot provide liability for a violation of a federal constitutional right, constitutional wrongs cannot be remedied through the FTCA." *Russ v.*

*United States*, 62 F.3d 201, 204 (7th Cir. 1995), *citing Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471 (1994).

Plaintiffs offer no response to this argument. Rather, plaintiffs erroneously claim that the United States seeks to dismiss this case because Section 2680(h) of the FTCA does not allow fraud claims against the United States. But that argument was the basis for the United States' successful motion to dismiss plaintiffs' *original* complaint in this case. Section 2680(h) is not at issue in the United States motion to dismiss plaintiffs' *second amended* complaint. With nothing but a red herring to rebut the application of *Russ* and *Meyer* to this case, the court should not hesitate to dismiss plaintiffs claim for lack of subject matter jurisdiction.

## II.    *Iqbal* and *Twombly* Standards Not Satisfied

Even if the Forest Preserve District of Cook County's use of foreclosure proceedings could be considered a taking, and even if plaintiffs had alleged a waiver of sovereign immunity sufficient to confer jurisdiction over the United States for conspiring to, and aiding and abetting an unconstitutional federal taking, plaintiffs have not met the pleading standards required by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In *Twombly* the Supreme Court held that a complaint must contain sufficient factual matter to state a plausible claim, and that to do this a plaintiff must provide enough facts to "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. In *Iqbal*, the Court provided more explication of what is necessary to survive a motion to dismiss. It held that conclusory allegations are insufficient, that a plausible claim exists only when the complaint contains sufficient factual allegations allowing the court to reasonably infer that the defendant *is liable* for the misconduct it is

alleged to have committed, and that the court's task on a motion to dismiss is context-specific, requiring the court to "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678-79.

Plaintiffs' allegations against the United States in this case do not meet the *Twombly* and *Iqbal* standards. The only allegations of wrongdoing by the United States are found in paragraph 41 of the second amended complaint. There plaintiffs claim that the FDIC "knew, agreed and approved of" the Forest Preserve District's plans to acquire the loan for and foreclose upon the mortgage for the property at issue. But plaintiffs provide absolutely no details to support their claim that the FDIC had any reason to believe that the sale of the note on the property or foreclosure on that note was constitutionally improper or was being done for an improper purpose, facts critically important to a claim of civil conspiracy. The complaint offers no facts suggesting that FDIC did anything other than approve the sale of an asset in the context of its work as the receiver of a failed bank. Without more, common sense does not permit a reasonable inference that the FDIC acted conspiratorially or aided and abetted an improper act or purpose to violate plaintiffs' constitutional rights.

## Conclusion

For the foregoing reasons, the court should grant the United States' motion to dismiss with prejudice.

    Respectfully submitted,

    ZACHARY T. FARDON
    United States Attorney

    By: s/ Donald R. Lorenzen
        DONALD R. LORENZEN
        Assistant United States Attorney
        219 South Dearborn Street
        Chicago, Illinois 60604
        (312) 353-5330
        donald.lorenzen@usdoj.gov